UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALISON GRAEFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00682-SEP |
| | ) |
| UNITED STATES ELECTION | ) |
| ASSISTANCE COMMISSION, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Alison Graeff's Motion for Temporary Restraining Order. Doc. 3.  For the reasons set forth below, the Motion is denied.  Plaintiff is directed to serve process on the named Defendants and may thereafter file a motion for a preliminary injunction.

**FACTS AND BACKGROUND**

Plaintiff, a *pro se* litigant, claims to bring this action in her individual capacity and as a candidate for Missouri State Representative.  Doc. 1 ¶¶ 5-6.  The Complaint names the following Defendants:  United States Election Assistance Commission (EAC); EAC Chairman Thomas Hicks; EAC Vice Chairwoman Christy McCormick; EAC Commissioner Benjamin W. Hovland; EAC Commissioner Donald L. Palmer; and Missouri Secretary of State John J. Ashcroft.  Doc. 1 ¶¶ 18-60.

Plaintiff alleges that the EAC "is the sole Federal authority for the accreditation and revocation of accreditation of (Voting System Test Laboratories) VSTLs." Doc. 1 ¶¶ 450-52. She claims that the VSTLs used to test the voting systems used by Missouri during the 2020 federal election failed to comply with various state and federal laws because they were not properly certified by the EAC.  Doc. 1 ¶¶ 400-01.  Among other complaints, Plaintiff alleges that the EAC commissioners falsely dated certain VSTLs' certificates of accreditation.  Doc. 1 ¶¶ 510-15.  Plaintiff claims:  "Not only is the date on these accreditation certifications important, but the signature on the lab Certification of Accreditation is very crucial.  As a Licensed Realtor it is standard practice when at a closing table to ensure the buyers new

1

home title is correctly signed by the signing authority.  No other signature would be legal.  Its Contractual law."  Doc. 1 ¶¶ 517-520.[1]  Plaintiff alleges that the dates on the certificates of certain voting machines were falsely signed by EAC Commissioners who were not yet on the EAC at that time.  Doc. 1 ¶¶ 527-40.

As relief, Plaintiff requests that the Court immediately and permanently remove the state of Missouri from the federal mandates imposed by the Help America Vote Act of 2002 (HAVA); remove all electronic voting machines, equipment, and poll pads from an unspecified jurisdiction; and return the State of Missouri to a practice of using only hand-cast and hand-counted paper ballots.  Doc. 1 ¶¶ 904-07.  Plaintiff also asks the Court to decertify "the 2020 election," as well as any subsequent elections that used allegedly unlawful and unaccredited testing laboratories.  Doc. 1 ¶¶ 908-09.  Plaintiff also seeks to enjoin Defendants from implementing the use of electronic voting machines in unspecified elections.  Doc. 1 ¶¶ 910-13.  Finally, Plaintiff requests that the Court prohibit a group of unspecified individuals from destroying, deleting, disposing of, or altering "all election data pertaining to the 2020 General election and all subsequent elections."  Doc. 1 ¶¶ 914-15.

## Discussion

Concurrent with the filing of her Complaint, Plaintiff filed a document styled as a Motion for Temporary Restraining Order.  Doc. 3.  As relief, however, Plaintiff requests neither an immediate hearing nor a temporary restraining order; rather, she requests that the Court hold a hearing for a preliminary injunction on Tuesday, July 5th.  *See* Doc. 3 at 5.  Plaintiff's Motion is denied on both procedural grounds and the merits.

Plaintiffs' Motion does not comply with the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 65 states in part:

> "The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney ***only if***:

---

[1] The Court notes that Plaintiff's Complaint is undated.  *See* Doc. 1 at 23 (stating that the Complaint was "submitted this ____ day of June, 22").  The Complaint contains a separate and unnumbered page titled "Verification," on which Plaintiff declares "pursuant to the penalties of perjury . . . that all the above" is true to the best of her knowledge.  Doc. 1.  That page is dated: "28th day of January," 2022.  Doc. 1.  Following that page is another unnumbered page bearing the certificate of Notary Public Theresa Judd of St. Charles County, Missouri, which states that Judd witnessed Plaintiff "execute . . . the instrument" on the "28th day of June, 2022."  Doc. 1.

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). Neither the Complaint nor the Motion identifies any immediate risk of irreparable harm. "To succeed in demonstrating a threat of irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Powell v. Noble*, 798 F.3d 690, 702 (8th Cir. 2015) (quoting *S.J.W. ex rel. Wilson v. Lee's Summit R–7 Sch. Dist.*, 696 F.3d 771, 778 (8th Cir. 2012) (internal quotation marks omitted)). Plaintiff has not alleged any risk of imminent harm that would justify a temporary restraining order. On the contrary, Plaintiff has requested a hearing date for July 5th—one week from the filing of her Complaint and this Motion. Moreover, Plaintiff's only requests for prospective relief pertain to the August 2nd Missouri state republican primary elections. Those elections are not imminent. Plaintiff also fails to certify that she has made any effort to give notice to Defendants or demonstrate why notice to Defendants should not be required. Under Rule 65(b), the Court does not have discretion to issue a temporary restraining order unless both prongs of Rule 65(b)(1) are satisfied. Plaintiff has satisfied neither.

Even if Rule 65(b) were satisfied, Plaintiff's Motion also fails to establish why either a temporary restraining order or a preliminary injunction should be granted. "It is well-established that the movant has the burden of establishing the necessity of a temporary restraining order." *Kersten v. City of Mandan*, 389 F. Supp. 3d 640, 645 (D.N.D. 2019) (citing *Baker Elec. Co-op, Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994). When determining whether to issue a temporary restraining order or a preliminary injunction, the Court must consider: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). Plaintiff's

Motion, which does not even identify the *Dataphase* factors, provides no legal or factual basis for a finding that they favor a temporary restraining order in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Temporary Restraining Order is denied. Plaintiff shall serve process on all named Defendants[2] and may thereafter file a motion for preliminary injunction. The Court will not set a hearing for any motion for preliminary injunction until all Defendants have been properly served. *See* Fed. R. Civ. P. 4, 65.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order, Doc. 3, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff may file a motion for preliminary injunction only after all Defendants have been properly served.

Dated this 30th day of June, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Plaintiff filed summonses for United States Attorney General Merrick Garland and Acting United States Attorney for the Eastern District of Missouri Sayler Fleming. Neither of those individuals is named as a Defendant in the Complaint. Therefore the Clerk shall not issue service of process or cause service to be issued with respect to Attorney General Garland or U.S. Attorney Fleming.