**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

ALISON GRAEFF,

*Plaintiff*,

v.

UNITED STATES ELECTION ASSISTANCE COMMISSION, et al.,

*Defendants*.

Civil Action No. 4:22-cv-00682 (RLW)

**FEDERAL DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

The United States Election Assistance Commission (EAC or Commission) and its Commissioners, in their official capacities, (collectively, the Federal Defendants), respectfully move this Court to dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction and state as follows:

1. In her First Amended Complaint, *pro se* Plaintiff Alison Graeff, a former candidate for state office in Missouri, purports to assert five claims under 42 U.S.C. §§ 1983, 1985, and Missouri state law, the gravamen of which is that Missouri used improperly-certified voting systems in the November 2020 general election and continues to use the same voting systems today.

2. The United States Election Assistance Commission (EAC or Commission) and its Commissioners (collectively, the Federal Defendants move to dismiss Plaintiff's claims against the Federal Defendants for the following reasons:

a. First, Plaintiff cannot establish Article III standing against the Federal Defendants. *See* Federal Defendants' Combined Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction and in Support of Federal Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction 9-16 ("Memorandum"). To properly allege standing, Plaintiff must allege an injury-in-fact that is: (1) concrete and particularized, and actual and imminent, not conjectural or hypothetical; (2) fairly traceable to the challenged conduct of the defendant; and (3) likely to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff has not alleged the existence of a concrete and particularized injury-in-fact, but instead relies on a generalized grievance that she describes as common to all citizens of the State of Missouri. Memorandum 10-14. Additionally, Plaintiff's purported injury is neither traceable to the conduct of the Federal Defendants, nor is it capable of being remedied by a favorable decision against the Federal Defendants. *Id.* 14-16.

b. Second, Plaintiffs' claims with respect to the August 2, 2022 primary election are moot. When the issues presented in a case are no longer live, the case is moot and is therefore no longer a 'Case' or 'Controversy' for purposes of Article III."' *Whitfield v. Thurston*, 3 F.4th 1045, 1047 (8th Cir. 2021). To the extent that Plaintiff ever had standing to bring claims against Federal Defendants with respect to the August 2, 2022 primary election, those claims are now moot because the primary has come and gone, the relief that Plaintiff seeks is prospective, and no exceptions to the mootness doctrine apply. Memorandum 17-21.

c. Third, Plaintiff has not identified a waiver of sovereign immunity that would allow her to assert any of her purported claims against the Federal Defendants. *Id.* 21-26. "[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and

the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Hercules Inc. v. United States*, 516 U.S. 417, 422 (1996) (quotation omitted). Plaintiff has not identified any waiver of sovereign immunity applicable to this case, let alone one that would permit her to bring claims against Federal Defendants. Memorandum 22-26.

3. In support of their motion, Federal Defendants attach and incorporate by reference the following documents:

    a. Federal Defendants' Combined Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction and in Support of Federal Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction; and

    b. Declaration of Mark A. Robbins and accompanying Exhibits A through I.

***

Accordingly, Federal Defendants respectfully ask this Court to dismiss Ms. Graeff's First Amended Complaint for lack of jurisdiction under Rule 12(b)(1).

Pursuant to the Court's July 29, 2022 Order, ECF No. 27, the Federal Defendants' consolidated memorandum is also filed in opposition to Plaintiff's pending Motion for a Preliminary Injunction.

Dated: August 12, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

/s/ *Antonia Konkoly*
Antonia Konkoly
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW

Washington, DC 20005
(202) 514-2395 (direct)
(202) 616-8470
antonia.konkoly@usdoj.gov
NY Bar. Registration No. 5011895NY

*Counsel for the Federal Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 12, 2022, I electronically filed the foregoing using the CM/ECF system, and I hereby certify that I have mailed a copy of the foregoing to Petitioner, a non CM/ECF participant in this action, via the U.S. mail as follows:

Alison Graeff
519 N. 6th Street
St. Charles, MO 63301
*Pro se Plaintiff*

/s/
Antonia Konkoly
*Counsel for the Federal Defendants*