UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Alison (Ali) Graeff,<br><br>PLAINTIFF,<br><br>v.<br><br>United States Election Assistance Commission, *et al.*,<br><br>DEFENDANTS. | Case No. 4:22-CV-00682-RLW |

**DEFENDANT JOHN R. ASHCROFT'S COMBINED MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND IN SUPPORT OF DEFENDANT ASHCROFT'S MOTION TO DISMISS**

Plaintiff Alison Graeff, a former state representative candidate for Missouri's 106th House district, seeks preliminary injunctive relief targeted at the upcoming November 8, 2022, general election, and "all future Missouri elections." ECF 8, at 20; *see also* ECF 23. She had sought such relief for the August 2, 2022, primary election, but this Court denied that request relief "both on procedural grounds and the merits." ECF 6, at 2. That election has passed, and Plaintiff lost her race.

The Court should dismiss the First Amended Complaint and deny Plaintiff's request for preliminary-injunctive relief. The three-judge panel in *Berry v. Ashcroft* did just that recently "to avoid causing substantial disruption and confusion on the eve of Missouri's elections." No. 4:22-CV-00465, 2022 WL 2643504, at *2 (E.D. Mo. July 8, 2022). Indeed, Plaintiff "has certainly not established that the merits are entirely clearcut in [her] favor, or in [her] favor at all." *Id.* at *3. She has failed to comply with basic pleading requirements, Fed. R. Civ. P. 8, and in any event she fails to state plausible claims for relief. Fed. R. Civ. P. 12(b)(6). Consequently, Plaintiff has failed to show a probability of success on the merits, which warrants denial of her requested preliminary relief. *See, e.g.*, *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981).

## Argument

The First Amended Complaint and Motion for Preliminary Injunction are difficult to comprehend. ECF 8, 23. Through a strained and effortful interpretation, Plaintiff appears to allege that the United States Election Assistance Commission ("EAC") has maladministered its accreditation of Voting System Test Laboratories ("VSTL"), thereby causing the improper accreditation of unspecified electronic voting equipment used in Missouri, and that this allegedly improperly accredited equipment was used during the November 2020 general election. According to Plaintiff, Defendant Ashcroft is a named party to this suit solely due to his duty to approve (or not approve) electronic voting systems used (or not used) in the State. MO. REV. STAT. § 115.225. Plaintiff specifically alleges that in December 2017, Defendant Ashcroft approved the sale and use of the Unisyn OpenElect 2.0 Voting System in Missouri. Plaintiff claims that Defendants Ashcroft and the EAC "knowingly allowed Missourians to vote on networked machines that were not certified due to lack of accredited VSTL(s) since the November 3, 2020, elections," and concludes that "[t]his onerous conduct renders the results void." These allegations are meritless. The First Amended Complaint should be dismissed.

### I. Plaintiff is not entitled to preliminary injunctive relief on the eve of the November 8, 2022, general election.

Plaintiff should be denied preliminary injunctive relief. Her request for such relief is broad and impactful. She requests that this Court enjoin Defendant Ashcroft "from implementing or enforcing the use of electronic voting machines, equipment, and electronic voting machines, equipment and electronic poll pads in" the since-passed August 2 primary election, the upcoming November 8 general election, and "all future Missouri elections[.]" ECF 8, at 20. Plaintiff also requests an injunction that prohibits Defendant Ashcroft from deleting, destroying, disposing, or altering "all election data pertaining to the" November 2020 general election. *Id.*

Setting aside that this Court has already denied all of Plaintiff's requested relief "both on procedural grounds and the merits," ECF 6, at 2, and the fact that the August 2 primary election has

passed (and Plaintiff lost her race), the Court should nevertheless dismiss the First Amended Complaint and deny Plaintiff's request for preliminary-injunctive relief.

Plaintiff's request for preliminary injunctive relief is the type federal courts are supposed to deny on the eve of an election. That's precisely what the three-judge panel in *Berry v. Ashcroft* did recently, going as far as dismissing the operative complaint. There, the plaintiff sought a preliminary injunction less than three months before the August 2 primary election, but the court denied the requested relief and dismissed the complaint "to avoid causing substantial disruption and confusion on the eve of" that election. *Berry v. Ashcroft*, No. 4:22-CV-00465, 2022 WL 2643504, at *2 (E.D. Mo. July 8, 2022).

*Berry* controls here. Plaintiff requests preliminary injunctive relief targeted at the upcoming November 2 general election. But the Court should (again) deny that requested relief to avoid causing substantial disruption and confusion on the eve of that election. Indeed, this Court has already recognized that Plaintiff's requested relief is "extraordinary" and "would potentially dismantle the election process in this state on the eve of the election." ECF 27, at 3. Under *Berry*, then, Plaintiff's request for preliminary relief should be denied and the First Amended Complaint dismissed.

**II. The First Amended Complaint should be dismissed.**

Though *Berry* compels dismissal of the First Amended Complaint in these circumstances, the Court can (and should) nevertheless dismiss the operative complaint independent of *Berry*. That's because Plaintiff has failed to "establish[ ] that the merits are entirely clearcut in [her] favor, or in [her] favor at all." *Berry*, 2022 WL 2643504, at *3. Plaintiff has failed to comply with basic pleading requirements, Fed. R. Civ. P. 8, and in any event she fails to state plausible claims for relief. Fed. R. Civ. P. 12(b)(6). Consequently, Plaintiff has failed to show a probability of success on the merits, which warrants denial of her requested relief. *See, e.g.*, *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981).

A. Plaintiff fails to comply with basic pleading requirements.

The First Amended Complaint is comprised of fifty-seven (57) pages containing several freely associated conjectures, ideas, and legal citations preceding the identification of the actual claims for relief in Counts I-VI. The pleading is verbose, repetitive and incoherent as to the any recognizable legal basis for Plaintiff's claims for relief.

The First Amended Complaint pleads six counts against all defendants: Count I is a claim of violation of procedural due process in that the Defendants "gave no notice or meaningful opportunity for open public discussion regarding defects of voting equipment/software to the Plaintiff prior to certifications." ECF 23, at 44. Count II claims a violation of Plaintiff's substantive due process rights, in that plaintiff was deprived of the "fundamental right to cast a ballot and vote in a legal and fair election." *Id.* at 44. Count III appears to be a procedural due process claim under the Missouri Constitution. Count IV appears to be a claim for substantive due process under the Missouri Constitution with references to Article I, §§10, 14, 25, and Article XI, §3 of the Missouri Constitution, which provides that "[t]he exercise of the police power of the state shall never be surrendered, abridged, or construed to permit corporations to infringe the equal rights of individuals, or the general well-being of the state." Count V styles itself as a claim under 52 U.S.C. §20511(2)(b), which authorizes criminal charges and penalties for certain elections offenses. And Count VI is a generic request for declaratory judgment under 28 U.S.C. §2201 based on the similarly generic claim that the prohibition of the use of electronic voting equipment is necessary to protect the rights of Missourians. ECF 23, at 55. In Counts I-V, Plaintiff claims the injury of "suffering forced contracts with representatives through deceptive practices and fraudulent certifications." *Id.* at 45-48.

As discussed below, the First Amended Complaint fails to meet the basic pleading requirements.

Pleadings must contain "a short and plain statement of the grounds for the court's

jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). And pleadings must rely on factual, not conclusory, allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 n.5 (2007). These requirements ensure that defendants have fair notice of claims against them, including claims made by pro se litigants. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 309 (2007); *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

The First Amended Complaint violates these basic pleading requirements. It contains an overwhelming amount of confusing verbiage, legal citations, and seemingly superfluous material. Even construed liberally, the operative complaint nevertheless fails to provide Defendant Ashcroft with adequate notice of the claims against him, the facts supporting those claims, and the governing law. In order to interpret, assess, and respond fully to the First Amended Complaint in its current form, Defendant Ashcroft must essentially deconstruct, reconstruct, and revise the First Amended Complaint. He should not have to do that. Nor should the Court. Thus, the First Amended Complaint should be dismissed as insufficient under Rule 8.

B. Plaintiff fails to state a plausible claim for relief.

Even if the First Amended Complaint satisfies the requirements of Rule 8—and it does not—it should still be dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6). That result is appropriate where, as here, the operative complaint does not contain "enough facts to state a claim to relief that is plausible on its face," and the factual allegations are insufficient "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 547, 555.

Here, the allegations do no more than give rise to speculation that in light of various circumstances explored by Plaintiff, electronic voting equipment approved for use in Missouri for unspecified counties during the November 2020 general election was not properly certified by the EAC. The allegations simply do not identify any specific irregularities in the conduct, reporting, and

certification of election results in Missouri.

In addition to the speculative nature of Plaintiff's conclusory allegations, the First Amended Complaint is insufficient because Plaintiff does not identify any cognizable legal basis to support her request for relief. Counts I and II purport, but fail, to state claims for procedural and substantive due process violations. Plaintiff fails to establish a deprivation of any liberty or property interest, much less an interference with such an interest. *See, e.g.*, *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459 (1989); *Mathews v. Eldridge*, 424 U.S. 319, 325 (1976). Plaintiff's allegations that supposed shortcomings in the EAC's certification process for electronic voting equipment deprived her of the right to vote or participate legitimately in every election since 2017 are not supported by sufficient factual bases. Plaintiff has not alleged any specifics regarding her voting activity, polling places, and conduct of the local election authority administering the elections she believes were corrupted. Her allegations regarding the potential corruption of numerous Missouri elections do not give rise to the reasonable inference that Plaintiff suffered any actionable deprivation of a liberty or property interest. Therefore, Counts I and II fail to state plausible claims for relief and should be dismissed.

So too Counts III and IV, which are procedural and substantive due process claims under the Missouri Constitution. *See Demien Constr. Co. v. O'Fallon Fire Prot. Dist.*, 72 F. Supp. 3d 967, 974 (E.D. Mo. 2014), *aff'd*, 812 F.3d 654 (8th Cir. 2016) ("To the extent Plaintiff alleges a violation of due process under the Missouri Constitution, the Court notes that the state and federal due process clauses are treated as equivalent provisions. Because Plaintiff lacks a protected property interest in the award of the contract, it likewise cannot establish a due process violation under the Missouri Constitution.") (citation omitted).

Count V should also be dismissed as patently failing to state a claim for relief, as it relies on 52 U.S.C. §20511(2)(b), a federal penal statute which authorizes criminal penalties for certain election offenses not applicable here. And Count VI, styling itself as a request for a declaratory judgement

while articulating a request for injunctive relief, fails to state a claim because requests for declaratory and injunctive relief are remedies not separate causes of action. *See, e.g.*, *STIM, LLC v. Aecom Tech. Servs., Inc.*, No. 15-0772-CV-W-ODS, 2016 WL 1298145, at *2 (W.D. Mo. Apr. 1, 2016) ("[A] declaratory judgment is a remedy, not a cause of action."); *Henke v. Arco Midcon, LLC*, 750 F. Supp. 2d 1052, 1059–60 (E.D. Mo. 2010) ("Injunctive relief … is a remedy, not an independent cause of action.").

Accordingly, the First Amended Complaint should be dismissed for failure to state claims.

**Conclusion**

The Court should dismiss the First Amended Complaint and deny Plaintiff's request for preliminary-injunctive relief.

Respectfully submitted by,

**John R. Ashcroft**
**Secretary of State of Missouri**

*/s/ Catherine Dierker* #70025(MO)
Catherine Dierker
Secretary of State's Office
600 W. Main St.
Jefferson City, MO 65101
Tel. (573) 522-4843
catherine.dierker@sos.mo.gov

**Counsel for Defendant John R. Ashcroft**

**Certificate of Service**

The undersigned hereby certifies that on August 12, 2022, a copy of this Motion was served via U.S. Mail, postage pre-paid, to Plaintiff at the following address:

Alison Graeff
519 N. 6th St.
St. Charles, MO 63301.

*/s/ Catherine Dierker*