**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

ALISON GRAEFF,

*Plaintiff*,

v.

UNITED STATES ELECTION ASSISTANCE COMMISSION, et al.,

*Defendants*.

Civil Action No. 4:22-cv-00682 (RLW)

**FEDERAL DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**TABLE OF CONTENTS**


INTRODUCTION ........ 1

ARGUMENT ........ 1

I. Plaintiff Cannot Establish Article III Standing Against the Federal Defendants ........ 1

A. Plaintiff Has Not Alleged Any Cognizable Injury-in-Fact ........ 1

B. Plaintiff's Asserted Injury Is Also Not "Fairly Traceable" to the Federal Defendants, or Capable of Being Remedied Through Them ........ 2

II. Plaintiffs' Claims with Respect to the August 2, 2022 Primary Are Moot ........ 3

III. This Court Otherwise Lacks Subject Matter Jurisdiction to Entertain Plaintiffs' Purported Claims Against the Federal Defendants ........ 5

IV. The Court Need Not, and Cannot, Reach Plaintiff's Arguments Regarding the Merits of Her Claim ........ 7

CONCLUSION ........ 8

## TABLE OF AUTHORITIES

### Cases

*Affiliated Prof'l Home Health Care v. Shalala*,
164 F.3d 282 (5th Cir. 1999) .......... 6

*Ali v. Cangemi*,
419 F.3d 722 (8th Cir. 2005) .......... 3

*Allen v. Wright*,
468 U.S. 737 (1984) .......... 2

*Athletics, Inc. v. Dep't of Educ.*,
639 F.3d 91 (4th Cir. 2011) .......... 7

*Dunn & Black, P.S. v. United States*,
492 F.3d 1084 (9th Cir. 2007) .......... 7

*Equity in Athletics, Inc. v. Dep't of Educ.*,
639 F.3d 91 (4th Cir. 2011) .......... 7

*Ex Parte McCardle*,
74 U.S. 506 (1868) .......... 8

*Fischer v. Minneapolis Pub. Schs.,*
792 F.3d 985 (8th Cir. 2015) .......... 6

*Geurkink Farms, Inc. v. United States,*
452 F.2d 643 (7th Cir.1971) .......... 7

*Glow in One Mini Golf, LLC v. Walz,*
37 F.4th 1365 (8th Cir. 2022) .......... 3

*Hercules, Inc. v. United States*,
516 U.S. 417 (1996) .......... 5

*Hohri v. United States,*
782 F.2d 227 (D.C. Cir. 1986) .......... 6

*One Mini Golf, LLC v. Walz*,
37 F.4th 1365 (8th Cir. 2022) .......... 3

*Sabhari v. Reno*,
197 F.3d 938 (8th Cir. 1999) .......... 7

*South Dakota v. Hazen*,
914 F.2d 147 (8th Cir. 1990) .......... 5

*Stephenson v. Cox*,
223 F.Supp.2d 119 (D.D.C. 2002) .......... 5

*Summers v. Earth Island Inst.*,
555 U.S. 488 (2009) .......... 2

*Unimex , Inc. v. U.S. Dep't of Housing and Urban Dev't.*,
594 F.2d 1060 (5th Cir. 1979) .......... 6

*United States v. Geranis*,
808 F.3d 723 (8th Cir. 2015) .......... 3

*United States v. Hays*,
515 U.S. 737 (1995) .......... 1, 2

*United States v. Mitchell*,
463 U.S. 206 (1983) .......... 5

*United States v. Timmons*,
672 F.2d 1373 (11th Cir.1982) .......... 6

*Warth v. Seldin*,
422 U.S. 490 (1975) .......... 2

*Weinstein v. Bradford*,
423 U.S. 147 (1975) .......... 4

*Whitfield v. Thurston*,
3 F.4th 1045 (8th Cir. 2021) .......... 4

*Wood v. Raffensperger*,
981 F.3d 1307 (11th Cir. 2020) .......... 3

**Statutes**

5 U.S.C § 701 .......... 7

28 U.S.C. § 1331 .......... 6

28 U.S.C. § 1343 .......... 5, 6

28 U.S.C. § 2201 .......... 5

42 U.S.C. § 1981 .......... 6

42 U.S.C. § 1986 .......... 6

42 U.S.C. § 1983 .......... 5, 6

Mo. Ann. Stat. § 115.225.1 .......... 3

**Rules**

Fed. R. Civ. P. 12(b)(1) .......... 1, 8

Fed. R. Civ. P. 82 .......... 6

**Regulations**

Mo. Code Regs. Ann. Tit. 15, § 30-10.020 .......... 3

## INTRODUCTION

In her Response to Federal Defendants' Motion to Dismiss, ECF No. 46 (Opp.), Plaintiff Alison Graeff reiterates at some length the same factual allegations and legal theories set forth in her operative pleading, *see* Pls. First Am. Petition, ECF No. 23 (Am. Compl). But as explained in Federal Defendants' Motion to Dismiss, ECF No. 30-1 (MTD), this Court lacks subject-matter jurisdiction as to any of the claims that Plaintiff purportedly asserts against the Federal Defendants, for several reasons. Plaintiff lacks Article III standing against the Federal Defendants and any claims pertaining to Missouri's August 2022 primary are plainly moot. Additionally, Federal Defendants have not waived their sovereign immunity with respect to any of Plaintiff's asserted claims. Nothing in Plaintiff's response brief overcomes any of these jurisdictional defects, and her claims against the Federal Defendants should therefore be dismissed in their entirety pursuant to Fed. R. Civ. P. 12(b)(1).

## ARGUMENT

### I. Plaintiff Cannot Establish Article III Standing Against the Federal Defendants

Initially, Plaintiffs' purported claims against the Federal Defendants should be dismissed for lack of Article III standing.

#### A. Plaintiff Has Not Alleged Any Cognizable Injury-in-Fact

As the Federal Defendants explained at length in their opening brief, *see* MTD at 10-14, Plaintiff's alleged harms constitute a quintessential "generalized grievance against allegedly illegal governmental conduct of which … she does not approve"—which the Supreme Court "ha[s] repeatedly refused to recognize . . . as sufficient for standing to invoke the federal judicial power." *United States v. Hays*, 515 U.S. 737, 745 (1995); *id.* at 743 (collecting cases). In her Opposition, Plaintiff offers no response to this argument, and indeed only emphasizes that her alleged injury—whether grounded in her status as a voter, or as a former candidate for state office—is precisely the type of injury that has repeatedly been found too general to confer standing. *See* Opp. at 5 (arguing that the alleged issues with

Missouri's election system "effectively nullifies any vote cast" and "silences [Plaintiff's] voice as a voter and violates [her] right to vote as a citizen"); *id.* (asserting that "this broken process infringes upon the right to express a political opinion on who governs in the state of Missouri").[1] Further, while Plaintiff offers several pages of argument regarding why her alleged injury is "non-speculative," *see id.* at 5-11, even assuming—wholly *arguendo*—that this is true, it provides no relevant rejoinder to the bedrock principle that, in order to present a justiciable "case" or "controversy," "the party bringing suit must show that the action injures h[er] in a concrete and personal way." *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009) (citation omitted)).

In sum, "[c]onstitutional limits on the role of the federal courts preclude such a transformation" of a generalized grievance into a basis for Article III standing. *Allen v. Wright*, 468 U.S. 737, 756 (1984). Here, the generalized nature of Plaintiff's asserted harms "does not warrant exercise of jurisdiction," *Warth v. Seldin*, 422 U.S. 490, 499 (1975), thus compelling the dismissal of this lawsuit as against the Federal Defendants.

**B. <u>Plaintiff's Asserted Injury Is Also Not "Fairly Traceable" to the Federal Defendants, or Capable of Being Remedied Through Them</u>**

As also explained at length in the Federal Defendants' opening memorandum, Plaintiff's attempt to establish standing also fails on the independent ground that her asserted injuries are neither "fairly traceable" to the Federal Defendants, nor capable of being redressed by them. *See* MTD at 2-7 (explaining the operation of the EAC's Testing and Certification Program, through which the EAC certifies qualified voting systems as compliant with the Voluntary Voting Systems Guidelines (VVSG), but leaves the ultimate use and application—if any—of these certifications wholly to the voluntary choices of state and local authorities); *id.* at 14-16 (explaining at length why the design of this program—

[1] Plaintiff further asserts—without further explanation or substantiation—that alleged irregularities in Missouri's election system "diminished [her] ability to duly represent constituents within [her] district." Opp. at 5. But Plaintiff provides no legal support for the contention that a *candidate* for political has any such role or responsibility.

an exemplar of cooperative federalism—precludes Plaintiff from establishing standing as against the Federal Defendants); *United States v. Geranis*, 808 F.3d 723, 727 (8th Cir. 2015) (to satisfy Article III, a plaintiff's "alleged injury must also be fairly traceable to the defendant's conduct and capable of being remedied by a favorable decision") (citation omitted).

Plaintiff's sole discernable contention in support of either of these elements of standing is that "the EAC is [the] sole Federal authority for Voting Systems Test Laboratory Accreditations." Opp. at 2; *see also id.* at 11. But while this assertion is true, it is also wholly irrelevant, where the EAC has no direct involvement in the conduct of either state or federal elections in Missouri, and the certification and selection of voting systems for use in state elections is committed solely to the authority of the Missouri secretary of state. Mo. Ann. Stat. § 115.225.1; *see also* Mo. Code Regs. Ann. Tit. 15, § 30-10.020. Indeed, in seeking relief that would (hypothetically) run solely against Missouri state officials, *see* Am. Compl., Prayer for Relief (lines 1184-1200), Plaintiff herself confirms this result. All claims against the Federal Defendants should, accordingly, be dismissed for lack of standing.

## II. Plaintiffs' Claims with Respect to the August 2, 2022 Primary Are Moot

As explained above, Plaintiff lacks standing to pursue any of her claims against the Federal Defendants. And even if Plaintiff were able to establish standing based on her status as a candidate in the August primary, any claims related to that primary are now moot. *See* MTD 17-21. Simply put, the election has come and gone, and this Court cannot "turn back the clock" to prevent the use of electronic voting machines or require the use of hand-cast ballots in an election that has already occurred. *Id.* 17-18 (quoting *Wood v. Raffensperger,* 981 F.3d 1307, 1317 (11th Cir. 2020)). Because the Court can no longer grant effective relief, no case or controversy exists. *Glow in One Mini Golf, LLC v. Walz*, 37 F.4th 1365, 1371 (8th Cir. 2022) (quoting *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc)).

In her opposition, Plaintiff states that she "rejects this argument because Missouri Voters do have 'a stake in the outcome' and are affected by the issue in controversy," Opp. 12, but Plaintiff fails

to respond to, let alone refute, Federal Defendants' showing that these claims are now moot. As an initial matter, the question is not whether "Missouri Voters"—who, other than Plaintiff, are not parties to this action—have a stake in the outcome of these claims, but whether Plaintiff herself has still has a "requisite personal interest." *Whitfield v. Thurston*, 3 F.4th 1045, 1047 (8th Cir. 2021) (holding that appeal brought by a candidate in the 2020 general election became moot once the election came and went).

Plaintiff correctly notes that courts may decline to deem cases moot where the underlying claims are capable of repetition yet evading review, Opp. at 12, but (as explained in Federal Defendants' motion to dismiss), that exception does not apply here. *See* MTD 18-19. That exception applies only where "'(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again.'" *Whitfield*, 3 F.4th at 1047 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). Neither factor applies here. Plaintiff alleges that the purported issues with electronic voting machines have been in existence since at least November 2020. *See* Am. Compl. 15. Assuming, for purposes of this motion, that Plaintiff's allegations are correct, she had almost two years to bring a lawsuit challenging the use of these voting machines prior to the August 2022 primary. Thus, this is not a situation where the challenged action is too short to be fully litigated. Second, nothing in the Amended Compliant or in Plaintiff's opposition even hints that she intends to attempt another run for office, such that there is any expectation—let alone a reasonable one—that she would be subjected to the same circumstances as a candidate in a future election.[2]

Finally, Plaintiff's claims are moot due to her own delays in seeking relief from this Court. *See* MTD 19-21. The Court need not address this issue at all—mootness is a jurisdictional issue, and the

---

[2] Plaintiff asserts that "there is a reasonable expectation that Defendants will continue to allow the laboratories to go unaccredited in the upcoming election and subsequent elections," and that this will "infringe[] on [her] civil rights as a voter," *see* Opp. 12-13, but—as explained above—Plaintiff cannot establish standing based on her status as a voter.

Court lacks subject-matter jurisdiction over moot claims regardless of how claims became moot. *See South Dakota v. Hazen*, 914 F.2d 147, 149 (8th Cir. 1990). That said, it is of no moment whether Plaintiff submitted a "Notice of Maladministration" to Federal Defendants prior to filing this lawsuit.[3] *See* Opp. 13-18. The fact of the matter is that Plaintiff waited until June 28, 2022 to file a complaint with this Court, and then waited until July 14, 2022 to move for a preliminary injunction—leaving the Court with less than three weeks to resolve any issues prior to the August 2, 2022 primary.

## III. This Court Otherwise Lacks Subject Matter Jurisdiction to Entertain Plaintiffs' Purported Claims Against the Federal Defendants

This Court independently lacks subject matter jurisdiction to entertain this suit because Plaintiff fails to identify any wavier of sovereign immunity applicable to any of her claims—an axiomatic requirement for the assertion of judicial authority against the United States. *See*, *e.g.*, *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.") (quotation omitted); *see also generally United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Initially, Plaintiff does not even attempt to rebut the Federal Defendants' explanation for why none of the purported jurisdictional bases invoked by Plaintiff in her Amended Complaint—28 U.S.C. § 1343; 42 U.S.C. §§ 1983, 1985; 28 U.S.C. §§ 2201-2202 (the Declaratory Judgment Act); and/or a so-called *Bivens* action—apply here. Plaintiff has thus waived any argument to the contrary, and for all of the reasons set forth in the Federal Defendants' opening memorandum, *see* MTD at 21-26, Plaintiff has not demonstrated any waiver of sovereign immunity applicable to Federal Defendants. *See, e.g. Stephenson v. Cox,* 223 F.Supp.2d 119, 121 (D.D.C. 2002) ("When a plaintiff files a response to a motion to dismiss

[3] Plaintiff dedicates a substantial portion of her brief to describing her interactions with various local officials regarding her Notice of Maladministration. *See* Opp. 13-18. Plaintiff does not suggest that Federal Defendants were involved in or aware of any of these interactions, which are, in any event, wholly irrelevant to the question of mootness presently before the Court.

but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.").

Plaintiff's Opposition also invokes—for the first time—certain additional statutes and rules upon which she claims that this Court may properly base subject matter jurisdiction. *See* Opp. at 1-2. As a preliminary matter, "[i]t is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss," *Fischer v. Minneapolis Pub. Schs.*, 792 F.3d 985, 990 n.4 (8th Cir. 2015) (citation omitted)—from which it follows that the Court need not consider any of these additional, purported bases for jurisdiction. But in any event, none of Plaintiff's new asserted bases cure the jurisdictional defects of her operative pleading. First, Plaintiff's citation to 42 U.S.C. § 1986 is unavailing for same reasons that the Federal Defendants previously explained with respect to 28 U.S.C. § 1343 and 42 U.S.C. §§ 1983, 1985—namely, that "the United States has not consented to suit under the civil rights statutes," *Unimex, Inc. v. U.S. Dep't of Housing and Urban Dev't.*, 594 F.2d 1060, 1061 (5th Cir. 1979); *see also, e.g., Affiliated Prof'l Home Health Care v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (no waiver of federal sovereign immunity for claims brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988); *Hohri v. United States,* 782 F.2d 227, 246 n.43 (D.C. Cir. 1986) (holding that provisions of 42 U.S.C. §§ 1981, 1983, 1985 and 1986, "by their terms, do not apply to actions against the United States"), *vacated on other grounds,* 482 U.S. 64 (1987); *United States v. Timmons,* 672 F.2d 1373, 1380 (11th Cir.1982) ("It is well established . . . that the United States has not waived its immunity to suit under the provisions of the [Civil Rights Act]"). Second, Federal Rules of Civil Procedure 57 and 65 are wholly irrelevant, where *no* Federal Rule of Civil Procedure either "extend[s] or limit[s] the jurisdiction of the district courts or the venue of actions in [federal] courts." Fed. R. Civ. P. 82.

And finally, nor do either of the broad jurisdictional statutes invoked by Plaintiff—28 U.S.C. § 1331 (federal question jurisdiction) and *id.* § 1367 (supplemental jurisdiction)—rescue this suit, where it is well-established that both of "[t]hose sections are grants of general jurisdiction and 'cannot be

construed as authorizing suits of this character against the United States, else the exemption of sovereign immunity would become meaningless.'" *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 n.3 (9th Cir. 2007) (quoting *Geurkink Farms, Inc. v. United States,* 452 F.2d 643, 644 (7th Cir.1971)). "Section 1331 merely provides that the district court shall have original jurisdiction in all civil actions arising under the Constitution, laws or treaties of the United States, and cannot by itself be construed as constituting a waiver of the government's defense of sovereign immunity . . . . Similarly, § 1367 merely grants federal courts supplemental jurisdiction over state claims related to certain federal claims in any civil action of which the district court has original jurisdiction . . . and that section cannot operate as a waiver of the United States sovereign immunity." *Id.* (citations omitted); *see also, e.g. Sabhari v. Reno*, 197 F.3d 938, 943 (8th Cir. 1999) ("[Section] 1331 does not, in and of itself, create substantive rights in suits brought against the United States . . . Thus, if § 1331 is to be used to secure relief against the United States, it must be tied to some additional authority which waives the government's sovereign immunity.").[4]

All claims against the Federal Defendants should, accordingly, also be dismissed on the independent ground that Plaintiff has failed to identify any applicable waiver of sovereign immunity.

## IV. The Court Need Not, and Cannot, Reach Plaintiff's Arguments Regarding the Merits of Her Claim.

Plaintiff dedicates several pages of her response brief to reprising a number of arguments regarding the merits of her claims, *see, e.g.*, Opp. 3-5, but the Court need not (and, indeed, cannot) reach those arguments. Nor can the Court address Plaintiff's list of "specific questions brought before this

[4] While the Administrative Procedure Act, 5 U.S.C § 701 *et seq.*, could, hypothetically, waive the Federal Defendants' sovereign immunity with respect to a validly pled equal protection claim, *see* Opp. at 17-18, Plaintiffs' Amended Complaint does not even purport to assert any such claim, nor does the Complaint cite a single fact that might support such a claim. *Cf. Equity in Athletics, Inc. v. Dep't of Educ.*, 639 F.3d 91, 108 (4th Cir. 2011) (an equal protection claim must "must plead sufficient facts to demonstrate plausibly that he was treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus.") (citation omitted).

court." *See* Opp. 19-20. As an initial matter, Federal Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) on the basis that the Court lacked subject-matter jurisdiction over this action. As such, the merits of Plaintiff's claims are not at issue in this motion. Even more fundamentally, however, because the Court lacks subject-matter jurisdiction, it lacks the authority to reach the merits of this case at any stage. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." *Ex Parte McCardle*, 74 U.S. 506, 514 (1868)).

## CONCLUSION

For the above-stated reasons, the Court should dismiss this action in its entirety as to the Federal Defendants.

Dated: September 21, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

/s/ *Antonia Konkoly*
Antonia Konkoly
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
(202) 514-2395 (direct)
(202) 616-8470
antonia.konkoly@usdoj.gov
NY Bar. Registration No. 5011895NY

*Counsel for the Federal Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 21, 2022, I electronically filed the foregoing using the CM/ECF system, and I hereby certify that I have mailed a copy of the foregoing to Petitioner, a non CM/ECF participant in this action, via the U.S. mail as follows:

Alison Graeff
519 N. 6th Street
St. Charles, MO 63301
*Pro se Plaintiff*

/s/
Antonia Konkoly
*Counsel for the Federal Defendants*