# INDEX OF AUTHORITIES


**Case Law**

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ---- 5

*Anderson v. 9 Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) ---- 5

*Sigley v. City of Parma Heights*, F.3d, 2006 WL 305524 (6th Cir. Feb. 10, 2006) (slip copy) -- 5

*Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 468 U.S. 837 (1984) ---- 10, 18, 19

*United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954)* ---- 19

*Service v. Dulles* 354 US 363 (1957) ---- 19

*Vitarelli v. Seaton,* 359 US 535 (1959) ---- 19

*Simmons v. Block, 782 F.2d 1545, 1550 (11th Cir. (1986)* ---- 19

**Federal Statutes**

Help America Vote Act (HAVA) of 2002 (Pub. L. 107–252-OCT. 29, 2002) ---- 4

52 U.S.C. Title II Subtitle A, Pt.1 § 20922 ---- 4

52 U.S.C. Title II Subtitle B, § 20971 (a)(1) ---- 4

52 U.S.C. § 20926 ---- 4, 8

52 U.S.C. Title II Subtitle B, § 20971 (b)(2)(A) ---- 4

5 U.S.C. § 553 (2012) Rule Making (b) ---- 4, 11

5 U.S.C. § 552 (a)(1) (C)(D)(E) ---- 4, 11

52 U.S.C. §§ 20922 – 20971 ---- 8

52 U.S.C. Title II, Subtitle B, § 20971 (c) ---- 11, 12, 13

18 U.S. Code § 3565 ---- 13

44 U.S.C. § 3502 (1) ---- 18

52 U.S.C. § 20943 (a), (1)(4) ---- 18

**Federal Civil Procedure**

Fed. R. Civ. P. 56(c) ---- 5

**Executive Order**

Executive Order 13132 of August 4, 1999, § 1 (c) ---- 18

**State Statues**

MO HB 511 (2003) ---- 5, 7

Title IX RSMo § 115.225 2 (10) ---- 5, 8

**Other Sources**

EAC Voting System Test Laboratory Program Manual (VSTL) ver. 2.0 § 3, Accreditation Process (OMB Control #3265-0018) ---------- 5

VSTL ver. 2.0 Ch. 3.4 ---------- 14

VSTL ver. 2.0, Ch. 3.6.1 ---------- 5, 8, 10

VSTL ver. 2.0, Ch. 3.6.1.3 ---------- 5, 8, 10, 12

VSTL ver. 2.0, Ch. 3.6.2 ---------- 5, 16

VSTL ver. 2.0, Ch. 3.7 ---------- 5

VSTL ver. 2.0, Ch. 3.8 ---------- 5, 9, 15

VSTL ver. 1.0, Ch. 3.6 ---------- 10

VSTL ver. 1.0 Ch. 3.6.1.1 ---------- 10

VSTL ver. 1.0 Ch. 3.6.1.2 ---------- 10

VSTL ver. 1.0 Ch. 3.6.1.3 ---------- 10

VSTL ver. 1.0 Ch. 3.6.1.4 ---------- 10

Federal Register ---------- 9, 10, 12

Antonin Scalia, 1995 speech at Stanford University (quote) ---------- 13

VSTL ver. 2.0, Ch. 3.5.5 ---------- 15

Freedom of Information Act request, (22-00067) ---------- 15,16, 19

Freedom of Information Act request, (23-00018) ---------- 15,16, 19

TGDC transcript of Mark Robbins during a January 26, 2023, YouTube on-line meeting -- 17

**Exhibit**

ECF 23, Exhibit 3 ---------- 8, 10

ECF 23, pg. 24 ID 549 ---------- 8

Exhibit 1-7 ---------- 9, 10, 12

ECF 23, Exhibit 11 ---------- 10, 18

**Attachments**

#1 Missouri Counties tested by NTS ---------- 7

#2 Sunshine records request 'Share file link" dated June 3, 2021 ---------- 8

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**ALISON (ALI) GRAEFF,**
individually and as a
Candidate for Missouri State
Representative

**Petitioner,** ***pro se,***

***v.***

**CIVIL ACTION**

**NO.: 4:22-cv-00682 RLW**

**UNITED STATES ELECTION ASSISTANCE COMMISSION,**
**633 3rd Street NW, Suite 200**
**Washington, DC 20001**
**THOMAS HICKS,** Commission Chairman
in his individual capacity and
in his official capacity as sole Federal
Election Authority Chair;
**CHRISTY McCORMICK,** Vice Chairwoman
all in her individual capacities and
in her capacities as members
of the Election Assistance Commission
**BENJAMIN W. HOVLAND,** Commissioner
all in his individual capacities and
in his capacities as members
of the Election Assistance Commission
**DONALD L. PALMER.** Commissioner
all in his individual capacities and
in his capacities as members
of the Election Assistance Commission

**MISSOURI SECRETARY OF STATE**
**JOHN J. ASHCROFT**
in his individual capacity
and in his official
capacity as Chief Elections Official

**Respondent(s)**

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

In this lawsuit, Plaintiff has provided the Court with copious amounts of material evidence reinforcing her claims against the Election Assistance Commission (EAC), and their failure to accredit the testing laboratories to the congressionally passed 2002 Help America Vote Act (HAVA) and state statuary laws.

In this Motion for Partial Summary Judgment, Plaintiff seeks a declaration from the Court that a central aspect of the EAC's accreditation and certification process is unlawful, and a permanent ruling from the Court against the use of electronic voting systems tested and certified by an unaccredited laboratory.

The Help America Vote Act (HAVA) of 2002 requires that all voting systems be tested and certified by an "accredited laboratory." The Election Assistance Commission (EAC) is responsible for accrediting such laboratories. If non-federal entities that conduct Independent Verification and Validation (IV&V) have not received EAC accreditation, it is a failure of the state to uphold federally regulated standards.

## NTS

### A. STATUTORY VIOLATIONS (*FEDERAL*)

**2002 Help America Vote Act (HAVA) 52 U.S.C. Title II Subtitle A, Pt.1 § 20922 (2) DUTIES.** "The Commission shall serve as a national clearinghouse and resource for the compilation of information and review of procedures with respect to the administration of Federal elections by— (2) carrying out the duties described in subtitle B (relating to the testing, certification, decertification, and recertification of voting system hardware and software);"

**52 U.S.C. Title II Subtitle B, § 20971 (a)(1) - (a) CERTIFICATION AND TESTING. — (1) IN GENERAL. —** "The Commission shall provide for the testing, certification, decertification, and recertification of voting system hardware and software by accredited laboratories."

**52 U.S.C. Title II Subtitle B, § 20971 (b)(2)(A) - (2) APPROVAL BY COMMISSION.— (A) IN GENERAL.—** "The Commission shall vote on the accreditation of any laboratory under this section, taking into consideration the list submitted under paragraph (1), and no laboratory may be accredited for purposes of this section unless its accreditation is approved by a vote of the Commission."

**52 U.S.C. § 20926 DISSEMINATION OF INFORMATION -** "... the Commission shall, on an ongoing basis, disseminate to the public (through the Internet, published reports, and such other methods as the Commission considers appropriate) in a manner that is consistent with the requirements of chapter 19 of title 44, U.S.C., information on the activities carried out under this Act." (Pub. L. 107–252, title II, §206, Oct. 29, 2002, 116 Stat. 1677.)

**5 U.S.C. § 553 (2012) Rule Making** (b) "General notice of proposed rulemaking shall be published in the Federal Register."

**5 U.S.C. § 552 (a)(1) (C)(D)(E)** "Public information; agency rules, opinions, orders, records, and proceedings (a) Each agency shall make available to the public information as follows: (1) Each agency shall separately state and currently publish in the Federal Register for the guidance of the public— (C) rules of procedure, descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations; (D) substantive rules of general applicability adopted as authorized by law,

and statements of general policy or interpretations of general applicability formulated and adopted by the agency; and (E) each amendment, revision, or repeal of the foregoing."

**B. STATUTORY VIOLATIONS (*STATE*)**

**MO HB 511 (2003)** "The Secretary of State is responsible for overseeing state compliance with HAVA"

**Missouri Title IX RSMo § 115.225 2 (10) "No electronic voting system shall be approved unless it: (10)** "Has been tested and is certified by an independent authority that meets the voting system standards developed by the Federal Election Commission or its successor agency..."

**C. POLICY VIOLATIONS (*VSTL MANUAL*)**

EAC Voting System Test Laboratory Program Manual (VSTL) **ver. 2.0 Section 3** Accreditation Process (OMB Control #3265-0018),

**3.6.1.** "Certificate of Accreditation. A Certificate of Accreditation shall be issued to each laboratory accredited by vote of the Commissioners. The certificate shall be signed by the Chair of the Commission"

**3.6.1.3.** "The effective date of the certification, which shall not exceed a period of two (2) years;"

**3.6.2**. "Post Information on Web Site. The Program Director shall make information pertaining to each accredited laboratory available to the public on EAC's Web site."

**3.7**. "Effect of Accreditation. Receipt of an EAC Accreditation indicates that a laboratory has met the applicable technical, procedural, management and staffing requirements and may serve as a Voting System Test Laboratory (VSTL) under EAC's Testing and Certification Program."

**3.8.** "Expiration and Renewal of Accreditation. A grant of accreditation is valid for a period **not to exceed** two years. VSTL's accreditation expires on the date annotated on the Certificate of Accreditation."

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. 9 Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Sigley v. City of Parma Heights, __ F.3d __, 2006 WL 305524 (6th Cir. Feb. 10, 2006) (slip copy).

Plaintiff has provided the Court with evidence that the Election Assistance Commission admits NTS has no Certificate of Accreditation.

U.S. Election Assistance Commission
633 3rd Street NW, Suite 200
Washington, DC 20001

VIA EMAIL

June 30, 2022

Ali Graeff
alimariegraeff@gmail.com

Greetings:

This acknowledges the U.S. Election Assistance Commission's receipt of your Freedom of Information Act request (No. 22-00066):

> "Please provide an electronic copy of the NTS Huntsville Laboratory Certificate of Accreditation from the EAC for the dates of 2015-2017."

The EAC does not possesses records responsive to your request.

This letter completes the response to your request. If you interpret any portion of this response as an adverse action, you may appeal this action to the Election Assistance Commission. Your appeal must be in writing and sent to the address set forth below. Your appeal must be postmarked or electronically transmitted within 90 days from the date of the acknowledgment to your request. Please include your reasons for reconsideration and attach a copy of this and subsequent EAC responses.

U.S. Election Assistance Commission
FOIA Appeals
633 3rd Street NW, Suite 200
Washington, DC 20001

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you have any questions please contact my office at your convenience.

Sincerely,

Camden Kelliher

Plaintiff has provided the Court with evidence that NTS has tested and certified the electronic voting systems currently being used in nearly 50 Missouri counties.



NTS

Test Report Addendum of
EAC 2005 VVSG Certification Testing
Performed on Unisyn Voting Solutions OVS 1.3

EAC CERTIFICATION NUMBER: 04211950-1.3

Prepared for: Unisyn Voting Solutions, Inc.

Prepared by: National Technical Systems Huntsville
Huntsville Facility
Huntsville, AL

VSTL

| STATE | COUNTY | MANUFACTUER | PRODUCT 2020 | VERSION | LAB | ISSUE | PRODUCT UPDT Aug 2[illegible] |
|---|---|---|---|---|---|---|---|
| Missouri | Andrew County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Atchison County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Audrain County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Barton County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Bates County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Benton County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Caldwell County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Cape Girardeau County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Chariton County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Clark County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Clinton County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Dade County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Dallas County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | DeKalb County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Dent County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Dunklin County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Franklin County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Gentry County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Hickory County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Holt County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Howard County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Howell County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Iron County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Knox County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Linn County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Miller County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Monroe County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Oregon County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Ozark County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Perry County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Pulaski County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Putnam County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Ralls County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Randolph County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Reynolds County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Ripley County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Schuyler County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Scotland County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Scott County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Shannon County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Shelby County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | St. Francois County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Ste. Genevieve County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Stoddard County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Stone County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Taney County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Texas County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Wayne County | Unisyn | OpenElect | 1.3 | Wyle / NTS | No Certification | |
| Missouri | Laclede County | ES&S | EVS | [illegible] | Wyle / NTS | No Certification | |
| Missouri | Vernon County | ES&S | EVS | [illegible] | Wyle / NTS | No Certification | |
| Missouri | Platte County | ES&S | EVS | [illegible] | SLI | Invalid Signature: Accreditation expired | Unisyn OpenElect [illegible] |

**(Attachment 1)**

NTS Huntsville laboratory used in the State of Missouri tested our electronic voting systems used during the November 3, 2020, General Election and, every subsequent election thereafter, has not complied with the laws and requirements of the congressionally passed 2002 HAVA ACT, MO HB 511 (2003).

NTS Huntsville Laboratory (referred to hereafter as NTS) tested electronic voting systems widely used in Missouri and nationwide for the November 3, 2020, General Election, and subsequent elections thereafter.

On March 5, 2014, NTS notified the EAC of its acquisition of Wyle Laboratories Inc., a previously accredited VSTL. Wyle's Certificate of Accreditation was valid from 05/04/2010 through 04/27/2012 and had expired at the time of NTS's acquisition of Wyle. NTS Huntsville **never received** a legal accreditation from the EAC, nor is there a Certificate of Accreditation available on the EAC website as directed by HAVA.

The EAC admits to not having an NTS accreditation in a request made to the EAC under the Freedom of Information Act No.22-00066 on June 30, 2022, for NTS Huntsville Certificate of Accreditation. The response from the EAC states: "The EAC does not have records responsive to your request." **(ECF 23, Exhibit 3)**

Sixty-Six (66) Missouri counties used Unisyn OpenElect software 1.3 in the November 3, 2020, election. Fifty (50) Missouri counties have continued the use of this software to this day. This software was updated and tested in January 2015 by NTS Huntsville using 2005 VVSG 1.0 standards. See NTS Test Report No. PR030407-0210. **(ECF 23, pg. 24 ID 549)**

Without EAC accreditation, a laboratory has no authority to perform testing on the electronic voting machine systems. This is a direct violation of the Election Assistance Commission's own policy mandates, and the congressionally passed 2002 HAVA ACT.

In response to a Sunshine records request for laboratory accreditation of electronic voting machines in these sixty-six Missouri counties, the Secretary of State's office produced the *expired* Certificate of Accreditation for Wyle Laboratories Inc. from 2010 in a 'Share file link" dated June 3, 2021. **(Attachment 2)**

## CERTIFICATE OF ACCREDITATION VIOLATIONS

All the VSTL's in the State of Missouri that are used to test electronic voting systems, in use since 2017, did not, and STILL do not, comply with the laws and requirements of the congressionally passed HAVA ACT 2002 codified into Missouri law HB511 (2003) in respect to the certificate of accreditations.

**A. STATUTORY VIOLATIONS *(FEDERAL)***

**52 U.S.C. §§ 20922 - 20971** Voting and Elections

**52 U.S.C. § 20926** Dissemination of information

**B. STATUTORY VIOLATIONS (*STATE)***

**RSMo § 115.225 2 (10).** "No electronic voting system shall be approved unless it: Has been tested and is certified by an independent authority that meets the voting system standards developed by the Federal Election Commission or its successor agency. …"

**C. POLICY VIOLATIONS (*VSTL MANUAL*) ver. 2.0**

(Voting System Test Laboratory Program Manual)

**3.6.1**. Certificate of Accreditation: "A Certificate of Accreditation shall be issued to each laboratory by vote of the Commissioners. The certificate shall be signed by the CHAIR of the Commission and state:"

**3.6.1.3**. The effective date of the certification, which shall not exceed a period of two (2) years;" (emphasis added)

**3.8.** "Expiration and Renewal of Accreditation. A grant of accreditation is valid for a period not to exceed two years. A VSTL's accreditation expires on the date annotated on the Certificate of Accreditation."




**(Exhibit 1-7)**

The certificates of accreditations, dating back to 2009, established early on in the years of 2009 and 2010 the laboratories were issued valid, legal accreditation certificates by the EAC. The official publication governing Certification Accreditation for laboratories was published in the Federal Register on **August 25, 2008; Federal Register a "Notice; Publication of Voting System Test Laboratory Program Manual."** https://www.federalregister.gov/documents/2008/08/25/E8-19064/procedural-manual-for-the-election-assistance-commissions-voting-system-test-laboratory-program and is consistent with the **VSTL Policy Manual ver. 1.0** cited on the EAC website which states:

**3.6. Grant of Accreditation**. Upon a vote of the EAC Commissioners to accredit a laboratory, the Testing and Certification Program Director shall inform the laboratory of the decision, Issue a Certificate of Accreditation and post information regarding the laboratory on the EAC Web site.

**3.6.1.** ***Certificate of Accreditation***. A Certificate of Accreditation shall be issued to each laboratory accredited by vote of the Commissioners. **The certificate shall be signed by the Chair of the Commission** and state:

**3.6.1.1.** The name of the VSTL;

**3.6.1.2.** The scope of accreditation, by stating the Federal standard or standards to which the VSTL is competent to test;

**3.6.1.3. The effective date of the certification, which shall not exceed a period of two (2) years**; and

**3.6.1.4.** The technical standards to which the laboratory was accredited.

(In **Exhibit 1-7, number 1 and 2 above**) the EAC issued in 2009 and 2010 for Wyle Laboratory and SysTest (SysTest changed their name to SLI Compliance 1/2016) were exactly per the letter of law. Each certificate had a two-year renewal date and each of them was signed by the proper signing authority, the Commission Chairman. Wyle did not renew their accreditation after 2012 and were acquired by NTS Huntsville in 2014. The EAC admits to not having an NTS Huntsville laboratory accreditation in a request made to the EAC under the Freedom of Information Act No.22-00066 (**ECF 23, Exhibit 3**) on June 30, 2022, for NTS Huntsville Certificate of Accreditation. The response from the EAC states: "The EAC does not have records responsive to your request."

It wasn't until 2018 that the laboratory certifications started to deviate. The changes shown above in (**Exhibit 1-7, number 4**), for SLI Compliance, are pertinent to the legality of the certificate itself. This is in direct conflict with the EACs own policies. This accreditation was dated for three (3) years. It shows it was issued in 2018, and effective through 2021. This significant departure from prior strict adherence to their administrative policy (two-year expiry of accreditation) was not covered by any press release, memo or opinion posted to their website or the Federal Register prior to the November 2020 election. Plaintiff also could not find any documented notice and comment process for this change to a 3-year expiry, like the original implementation of the 2-year expiry policy.

Another change that was made was the signature, which was not signed by the Chairman of the Commission, but the Executive Director. It is important to note none of the VSTL manual requirements have changed. **Sec. 3.6.1.3** still states, "The effective date of the certification, which shall not exceed a period of two (2) years;" and **Sec. 3.6.1.** still states, "A Certificate of Accreditation shall be issued to each laboratory accredited by vote of the Commissioners. The certificate shall be signed by the Chair of the Commission." However, it somehow became acceptable to bypass the commission all together, much less meet their own requirements of the Chairman signing specifically.

Additionally, the rules in the manual that clearly define expiration as every two years, and the Chairman as the only signing authority, has been published on August 25, 2008, in the Federal Register and underwent the public notice and comment process. After the 2020 election, when it surfaced that VSTL accreditation's had expired - the EAC issued opinions and memos about the VSTL accreditations being just fine (nothing to see here, move along) and according to the Chevron deference doctrine, the court needs to give higher priority to the manual, over the later issued opinions and memos which did not undergo any notice and comment process and has no force of law. The EAC purported to change the rules and delete the expiration concept via issuance of "Notice of Clarification NOC 21-01", (**ECF 23, Exhibit 11**).

The Notice of Clarification NOC 21-01 is unsatisfactory under the law to suffice as a rule change. However, the EAC continues to use it to manufacture justifiable reasoning for not renewing a VSTLs accreditation and essentially removing them from public accountability.

This clarification, made by the EAC, boldly replaces pertinent aspects of the rules regarding VSTLs. These are not a de minimis change. This "edit" as well as any changes this agency makes, must go through the proper oversight required by law.

**5 U.S.C. § 553 (2012) Rule Making** (b) "General notice of proposed rulemaking shall be published in the Federal Register..."

(b) "General notice of proposed rulemaking shall be published in the Federal Register, unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law. The notice shall include—

(1) a statement of the time, place, and nature of public rule making proceedings;

(2) reference to the legal authority under which the rule is proposed; and

(3) either the terms or substance of the proposed rule or a description of the subjects and issues involved.

Except when notice or hearing is required by statute, this subsection does not apply—"

(A) to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice;"

NOC 21-01 was not a clarification or an interpretation of a current rule. By the EAC's own words, it's a replacement. They change the foundation of the expiration rule and replace it with "reassessment" and insert the revocation excuse that Congress intended to be regarding a NIST recommendation, as it very specifically states in HAVA 2002. **52 U.S.C. Title II, Subtitle B, § 20971 (c)**

(c) CONTINUING REVIEW BY NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY.—

(1) IN GENERAL.—In cooperation with the Commission and in consultation with the Standards Board and the Board of Advisors, the Director of the National Institute of Standards and Technology shall monitor and review, on an ongoing basis, the performance of the laboratories accredited by the Commission under this section, and shall make such recommendations to the Commission as it considers appropriate with respect to the continuing accreditation of such laboratories, including recommendations to revoke the accreditation of any such laboratory.

(2) APPROVAL BY COMMISSION REQUIRED FOR REVOCATION.—The accreditation of a laboratory for purposes of this section may not be revoked unless the revocation is approved by a vote of the Commission.

(d) TRANSITION.—Until such time as the Commission provides for the testing, certification, decertification, and recertification of voting system hardware and software by accredited laboratories under this section, the accreditation of laboratories and the procedure for the testing, certification, decertification, and recertification of voting system hardware and software used as of the date of the enactment of this Act shall remain in effect.

This was not rendered under any formal process, in fact, there has not been an official publication on the Federal Register for a Voting System Test Laboratory Program Manual since the original version posted in 2008.

**5 U.S.C. § 552 (a)(1) (C)(D)(E)** "Public information; agency rules, opinions, orders, records, and proceedings

(a) Each agency shall make available to the public information as follows:

(1) Each agency shall separately state and **currently publish in the Federal Register** for the guidance of the public;

(C) **rules of procedure,** descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;

(D) substantive rules of general applicability adopted as authorized by law, and statements of general policy or **interpretations of general applicability formulated and adopted by the agency**; and

(E) each amendment, revision, or repeal of the foregoing."

The EAC website states the current Voting System Testing Laboratory Manual is version 3.0. Yet, the Federal Register reflects no official postings citing notice for public comment or the adoption of version 2.0 or 3.0.

The Federal Register reflects on November 30, 2010, a sixty (60) day "Notice" for comment period for VSTL Policy Manual 2.0 and again on April 16, 2013, a sixty, (60) day "Notice" for a comment period for VSTL Policy Manual 2.0 and again posted in the Federal Register on April 14, 2015, two separate "Notice for thirty, (30) day comment period", but no further postings in the Federal Register reflect the adoption of VSTL ver. 2.0 or 3.0.

EAC Policy Manuals: https://www.eac.gov/voting-equipment/manuals-and-forms

Fed. Reg. VSTL 2.0, 60 day comment Notice Nov. 30, 2010:
https://www.federalregister.gov/documents/2010/11/30/2010-30101/procedural-manual-for-the-election-assistance-commissions-voting-system-testing-and-certification

Fed. Reg. VSTL 2.0, 60 day comment Notice April 16, 2013:
https://www.federalregister.gov/documents/2013/04/16/2013-08832/procedural-manual-for-the-election-assistance-commissions-voting-system-test-laboratories-program

Fed. Reg. VSTL 2.0, 30 day comment Notice April 14, 2015:
https://www.federalregister.gov/documents/2015/04/14/2015-08567/voting-system-test-laboratory-program-manual-20-for-the-us-election-assistance-commissions-voting

Fed. Reg. VSTL 2.0, 30 day comment Notice April 14, 2015:
https://www.federalregister.gov/documents/2015/04/14/2015-08534/procedural-manual-for-the-election-assistance-commissions-voting-system-testing-and-certification

In 2021, (**Exhibit 1-7, numbers 5, 6 and 7 above**) The "*Effective Through*" date was removed altogether from the accreditation certificates. Then, after the public became aware of this massive discrepancy, and under "color of law," the EAC began adding 52 U.S.C. § 20971 (c) (2), to the accreditation certificates to obfuscate these discrepancies. Stating that "an accreditation remains effective until revoked by a vote of the Commissioners pursuant to 52 U.S.C. § 20971 (c) (2)". This is referring to a revocation process. First, one cannot "revoke" something that is expired, or not legal to begin with. It must be a valid certificate to revoke. 52 U.S. Code § 20971(c)(2) is not applicable to VSTL ver. 2.0 Manual **3.6.1.3** and the effective date of the accreditation EXCEEDED the period of two (2) years. Further, as Plaintiff has previously shown, in HAVA, 52 U.S.C. § 20971 (c) (2) is for the express purpose of requiring a vote be taken by the Commission to REVOKE a NIST recommendation. It is not (to be twisted into an authoritarian use of the law to violate the law as well as their own policies.) Nor is it to be used to continue re-dating accreditation certifications as many times as they would like or

avoid reviewing applications for renewal. Words matter. There is a difference between "revoked" and "expired" accreditation. (Expiration of the laboratory accreditations occurred far before the EAC invoked 52 U.S.C § 20971 (c) (2).)

Consider a driver's license. It has a definite expiration date. Separate from that expiration date, it can also be revoked. A revocation, however, is a separate action from the renewal of any license.

Another example is Probation Revocation:

**18 U.S. Code § 3565**

(a) "Continuation or Revocation. —If the defendant violates a condition of probation **at any time prior to the expiration** or termination of the term of probation, the court may;

(1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or

(2) **revoke** the sentence of probation and resentence the defendant under subchapter A."

In this probation situation, for a revocation to be possible, "it must occur any time prior to the expiration."

In a revocation situation, there's a valid agreement between the parties, or license of sorts issued to the lab and the lab was found to have violated the agreement or license and thus, the issuer can revoke it prior to expiry.

In an expiration situation, there's a valid agreement between the parties, or a license of sorts that has an automatic termination or cessation date. Expiration automatically ends the relationship after a certain date, but revocation would happen before any expiration date, normally due to some kind of violation.

"Words do have a limited range of meaning, and no interpretation that goes beyond that range is permissible." -- Antonin Scalia, From 1995 speech at Stanford University https://time.com/4220735/antonin-scalia-dead-quotes-opinions/#:~:text=From%20a%201995,range%20is%20permissible.%E2%80%9D

Although the EAC claims the laboratories have received accreditation and provided certificates, the latest certificate of accreditation for SLI Compliance is once again not signed by the CHAIR of the Commission per EAC policy.



United States Election Assistance Commission

Certificate of Accreditation

**SLI Compliance**
**Division of Gaming Laboratories International, LLC**
**Wheat Ridge, Colorado**

*is recognized by the U.S. Election Assistance Commission for the testing of voting systems to the Voluntary Voting Systems Guidelines VVSG 1.0, 1.1 & 2.0 under the criteria set forth in the EAC Voting System Testing and Certification Program and Laboratory Accreditation Program. SLI Compliance is also recognized as having successfully completed assessments by the National Voluntary Laboratory Accreditation Program for conformance to the requirements of ISO/IEC 17025 and the criteria set forth in NIST Handbooks 150 and 150-22.*

Interim Executive Director, U.S. Election Assistance Commission

EAC Lab Code: 0701

On the above certificate for SLI Compliance, Mark A. Robbins, Interim Executive Director of EAC, is whose signature appears and was electronically inserted by K Muthig, Director Communications, ten (10) days after the date of the certificate.

Kristen Muthig is Director Communications at the U.S. Election Assistance Commission (EAC). She manages media relations, and communications strategy. She is NOT on the commission, and NOT the Chairman.

https://www.eac.gov/about/staff-directory/kristen-muthig

The law is specific for VSTLs to reapply for accreditations every two (2) years. This is not simply a matter of requesting or issuing a certificate. It is a contractual process whereby actions must be undertaken by both the VSTL and the EAC to renew accreditation as outlined in section 2 and 3 in the EAC VSTL policy manual version 2.0. In addition to timely VSTL renewal application and communication; the EAC reviews lab conflicts of interest, record maintenance, and lab financial stability, any lab changes disclosed under VSTL Program Manual ver. 2.0, section **3.4**.

Here are those laws set forth by the EAC in the VSTL Manual ver. 2.0. Note that the accreditation is "subject to" receipt of information and EAC's review and approval of materials.




Additionally, **3.8**. Expiration and Renewal of Accreditation.

"A grant of accreditation is valid for a period not to exceed two years. A VSTLs accreditation expires on the date annotated on the Certificate of Accreditation. VSTLs in good standing shall renew their accreditation by submitting an application package to the Program Director, consistent with the procedures of Section 3.4 of this Chapter, no earlier than 60 days before the accreditation expiration date and no later than 30 days before that date. Laboratories that timely file the renewal application package shall retain their accreditation while the review and processing of their application is pending. VSTLs in good standing shall also retain their accreditation should circumstances leave the EAC without a quorum to conduct the vote required under Section **3.5.5**."

On June 17, 2022, Plaintiff received acknowledgment from the EAC for Freedom of Information Act (22-00067) granting Plaintiffs request stating, "We have determined we will process your request pursuant to the Freedom of Information Act and EAC regulations. Please be advised that due to the coronavirus pandemic we are experiencing additional delays in processing Freedom of Information Act requests."

- Please provide any information/correspondence regarding notices given by the EAC to Missouri's Secretary of State (or their office) in relation to the expiration of the EAC's Certificate of Accreditation for the SLI Compliance laboratory and subsequent noncompliance between the dates of 01/2009- present.
- Please provide any information/correspondence regarding notices given by the EAC to NVLAP regarding the expiration of the EAC's Certificate of Accreditation for the SLI Compliance laboratory and subsequent noncompliance between the dates of 01/2009 - present.
- Please send me the valid, legal, EAC Certification of Accreditations on file for the years 2009-2021 for SLI Compliance Laboratory. These must not exceed a period of two years and must only be signed by the Chairman of the Commission.

On January 9, 2023, Plaintiff submitted a Freedom of Information Act request, (23-00018), to the EAC requesting the following;

- The written Commissioners' Decision in 2017, 2019, and 2021 for SLI Compliance testing laboratory which (1) makes a clear determination as to accreditation and (2) states the basis for the determination, as well as the laboratory application package.
- The written Commissioners' Decision in 2017, 2019, and 2021 for Pro V&V testing laboratory which (1) makes a clear determination as to accreditation and (2) states the basis for the determination, as well as the laboratory application package.

- The written Commissioners' Decision in 2017 and 2019 for NTS testing laboratory which (1) makes a clear determination as to accreditation and (2) states the basis for the determination, as well as the laboratory application package.

As of this filing, Plaintiff has not received the requested documents for either FOIA. Instead, the EAC has responded to my inquiry with the following:

FOIA Status Inbox

Camden Kelliher
to me, Amanda

2:46 PM (58 minutes ago)

Good afternoon,

Thank you for recently reaching out to the EAC regarding the status of your submitted FOIA requests. All EAC FOIA requests are placed in one of two processing tracks: expedited or non-expedited. The basis for expedited processing is contained in 11 CFR § 9405.7. Those requests are then processed on a first-in, first-out basis. Please note that the estimates below are subject to change and are based on the current queue of FOIAs , FOIA litigation, expedited requests received , and FOIA staffing levels.

22-00067

FOIA 22-00067 was received on June 17, 2022 and acknowledged on July 1, 2022. There are currently 105 requests pending prior to 21-00037. Based on your position in the queue we estimate sending a completed response by February 2024.

23-00018

FOIA 23-00018 was received on January 9, 2023 and acknowledged on January 18, 2023. The request for expedited processing was also denied on January 18, 2023. There are currently 192 requests pending prior to 23-00018. Based on your position in the queue we estimate sending a completed response by June 2024.

Activate Windows
Go to Settings to activate W

Again, the EAC is breaking its own policy, per the VSTL Manual. From certifications to dissemination, the EAC is operating counter to the policies and standards required and outside of the scope of law. Why even have a manual, if the agency itself is going to conduct business in complete contradiction to what the manual states?

3.6.2. Post Information on Web Site. The Program Director shall make information pertaining to each accredited laboratory available to the public on EAC's Web site. This information shall include (but is not limited to):

3.6.2.1. NIST's Recommendation Letter;

3.6.2.2. The VSTL's Letter of Agreement;

3.6.2.3. The VSTL's Certification of Conditions and Practices;

3.6.2.4. The Commissioner's Decision on Accreditation; and

3.6.2.5. The Certificate of Accreditation.

The statute of fraud limitations in Missouri is five (5) years. By withholding information and evidence that is required to be disseminated publicly anyway, this has the appearance of Defendants "running out the clock" and "cover up" with no accountability. It's irrational to think evidence as pertinent as this, that the EAC can withhold for TWO years, conveniently involving evidence against themselves in a federal lawsuit.

These documents will add clarity as to whether the VSTLs did timely file their renewal application and whether they did "retain accreditation", while awaiting EAC processing of the renewal.

Not only is the effective date on the accreditation certifications important, but the signature for a laboratory's Certification of Accreditation is critical. As a Licensed Realtor, it is standard practice, when at a closing table, to ensure the buyer's new home title is correctly signed by the signing authority. No other signature is legal. This is Contractual law 101.

However, on each of the Certificates of Accreditation, the dates are absent as well as the absence of the Chairman of the Commission's signature. Mark Robbins, the Executive Director signed them.

Coincidentally, last month, the EAC held their Technical Guidelines Development Committee meeting. Mark Robbins, when questioned about streamlining "processes" and bypassing the Commission on decisions, he vehemently stated that an Executive Director does not have a default decision absent the commissioners. That the commissioners are nominated by the president, they are confirmed by the Senate, and they bring with them all the authority that encompasses. He goes on to say, "given where we are right now though, I would never recommend that the Commissioners delegate, nor do I think even if I recommended, they'd accept it, that it be delegated down to the Executive director, with a kind of de facto veto..."

Yet Mark Robbins, Mona Harrington and Brian Newby have done exactly that. By signing in place of the Chairman of the commission on the laboratory's Certificate of Accreditations, they usurp the role dedicated to the Chair of the Commission alone. Exceeding their authority and invalidating the certificate.

***TGDC transcript of Mark Robbins, EAC Exec. Dir.*** *during a January 26, 2023, on-line meeting:*

https://www.youtube.com/live/7taeBYeJq9k?feature=share

1:39:25 "the current State of Affair is the executive director could does not have a default

1:39:30 decision absent a uh uh a decision by the Commissioners that would require

1:39:37 some kind of Delegation by the Commissioners but I don't think I would support that even if it were an option I

1:39:44 the the Commissioners are the political appointees that run the

1:39:49 commission they are nominated by the president they are confirmed by the Senate they bring with them the

1:39:55 authority that that encompasses and to take them out of the

1:40:00 out of the um decision-making process even by default would be I think a mistake it

1:40:07 would it would perhaps help facilitate process but then

1:40:13 um denigrate the the validity of that process so I I'd be very careful about

1:40:18 moving in that direction so this is Judd I didn't mean to apply

1:40:24 that I was just going through the sort of natural progression of where it misleads us and this leads us ultimately

1:40:30 to a commission decision and uh my my concern there is that the

1:40:35 commission has shown over the years uh an inability to come to final decisions on these kinds of

1:40:42 questions so um I guess I love the idea I'm just I'm

1:40:48 worried about the workability of it given that we have four Commissioners two nominated by Republicans and two

1:40:54 nominated by democrats and that at the end of the day they have to agree or at least three of them have to agree and so

1:41:02 um I absolutely think they have a rule in the process I'm just I'm just wondering if this will actually work in

1:41:08 progress in in process you know where we actually try to do this

1:41:14 well I I you know a shout out to my current bosses I I think in the current

1:41:20 with the current construct of the commission they'll be able to figure out a way to keep this stuff flowing

1:41:26 um what comes before after us what came before us who knows

1:41:32 um I still think that Congress in its Infinite Wisdom created the EAC the way

1:41:38 it is two to two requiring at least three votes to to move forward if if it

1:41:45 leads to in the future some obstacles I I I think it would be up to

1:41:51 Congress to figure that out I just given where we are right now though I I would

1:41:57 never recommend that the Commissioners delegate nor nor do I think even if I recommended, they'd accept it that that

1:42:04 it be delegated down to the ED with a kind of de facto veto if they decide to..."

## SOVEREIGN IMMUNITY

Federal Defendants cite in ECF 30-1 @38 "Bivens (or Bivens-type) action cannot be prosecuted against the United States and its agencies because of sovereign immunity." However, this is contrary to **Executive Order 13132 of August 4, 1999 § 1 (c)** which defines "Agency" as any authority of the United States that is an "agency" under **44 U.S.C. § 3502 (1)** "the term "agency" means any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency, **but does not include—(B) Federal Election Commission**;", (C) the governments of the District of Columbia and of the territories and possessions of the United States, and their various subdivisions; or (D) Government-owned contractor-operated facilities, including laboratories engaged in national defense research and production activities;

The Election Assistance Commission (EAC) is the successor entity of the Federal Election Commission, therefore, is NOT an agency that can claim sovereign immunity.

**52 U.S.C. § 20943 (a), (1)(4). Membership of Standards Board**
**(a) Composition**- (1) **In general -** "Subject to certification by the chair of the Federal Election Commission under subsection (b), the Standards Board shall be composed of 110 members as follows:

4) **Role of Commission**- Upon the appointment of the members of the Election Assistance Commission, the Election Assistance Commission shall carry out the duties of the Federal Election Commission under this subsection."

## CONCLUSION

Precedent has been set with numerous administrative case law justifying Plaintiffs' claims that if a government agency has not followed its own rules and policies, it runs the risk of having their actions invalidated once challenged in court.

One of the most important principles in administrative law, the "Chevron deference" was coined after a landmark case, *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 468 U.S. 837 (1984). The Chevron deference is referring to the doctrine of judicial deference given to administrative actions. A "Notice of Clarification" (NOC 21-01) (**ECF 23, Exhibit 11**) regarding VSTL Accreditation Status issued by the EAC Program Director on July 23, 2021, does not warrant a Chevron deference. In subsequent cases, the Supreme Court has narrowed the scope of Chevron deference, holding that only the agency interpretations reached through formal proceedings with the force of law, such as adjudications, or notice-and-comment rulemaking, qualify for Chevron deference, while those contained in opinion letters, policy statements, agency manuals, or other formats do not carry the force of law are not warranted a Chevron deference. The EAC quietly publishing a Notice of

Clarification does not qualify as formal proceeding to alter the current agency rules/policies. Nor does it excuse them from upholding the established rules that have undergone those proper formal proceedings.

Another precedent setting case, *United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954)*,**[1]** is a landmark United States Supreme Court case in administrative law which the Court held that administrative agencies in the Federal Government are obliged to follow their own regulations, policies and procedures.[2] Under the Accardi Doctrine, federal agencies which do not follow their own regulations or procedures run the risk of having their actions invalidated if challenged in court.

The Accardi doctrine was later strengthened in *Service v. Dulles* 354 US 363 (1957) [4] and *Vitarelli v. Seaton*, 359 US 535 (1959).

Furthermore, *Simmons v. Block*, states that "A court must "overturn agency actions which do not scrupulously follow the regulations and procedures promulgated by the agency itself." 782 F.2d 1545, 1550 (11th Cir. 1986).

This motion for Partial Summary Judgement requests the ruling on two matters within this Complaint. First, is the legality of the current Certificates of Accreditation. Plaintiff has shown the Court that Chevron deference does not apply to their "Notice of Clarification (NOC 21-01)" removing the "Effective Date". Plaintiff has also proven to the Court, that the allowance of anyone, short the Chair of the commission, as the signing authority of the certificates, is contrary to the laws and policies currently in place. All of the evidence provided today substantiates Plaintiffs claims that the EAC's current laboratory certifications are illegitimate. Plaintiff has backed this statement with established case law such as *Simmons v. Block*, that "A court must "overturn agency actions which do not scrupulously follow the regulations and procedures promulgated by the agency itself." 782 F.2d 1545, 1550 (11th Cir. 1986).

Secondly, declaring the use of any electronic voting system that has been tested by NTS Huntsville illegal for use in the state of Missouri, and immediately ceasing the use of said electronic voting systems. Plaintiff has supplied the Court with irrefutable evidence, from the EAC itself, and provided the fundamental law substantiating both requests.

**<u>RELIEF</u>**

Plaintiff humbly requests this honorable Court to render Partial Summary Judgement on the following;

1) Enjoin all Missouri counties currently using electronic voting systems tested by NTS Huntsville Laboratory from utilizing those electronic voting systems in any future elections.

2) Declare as invalid all EAC Voting System Test Laboratory Certificate of Accreditation(s) issued after 2017 and through 2022.

3) Order the EAC to process Plaintiff's FOIA record requests for file numbers 22-00067 and 23-00018, (or proceed to limited discovery) within 30 business days. This will add clarity as to whether the VSTLs did timely file their renewal application and whether they did "retain accreditation," while awaiting EAC processing of the renewal.

March 3, 2023

Respectfully submitted by,

________/s/______________

Alison (Ali) Graeff

*pro se litigant*
519 N 6th Street
St. Charles MO 63301
Ali@noMOfraud.com

| | A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | |
| 2 | **STATE** | **COUNTY** | **MANUFACTUER** | **PRODUCT 2020** | **VERSION** | **LAB** | **ISSUE** | | | |
| 3 | Missouri | Andrew County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 4 | Missouri | Atchison County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 5 | Missouri | Audrain County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 6 | Missouri | Barton County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 7 | Missouri | Bates County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 8 | Missouri | Benton County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 9 | Missouri | Caldwell County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 10 | Missouri | Cape Girardeau County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 11 | Missouri | Chariton County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 12 | Missouri | Clark County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 13 | Missouri | Clinton County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 14 | Missouri | Dade County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 15 | Missouri | Dallas County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 16 | Missouri | DeKalb County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 17 | Missouri | Dent County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 18 | Missouri | Dunklin County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 19 | Missouri | Franklin County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 20 | Missouri | Gentry County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 21 | Missouri | Hickory County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 22 | Missouri | Holt County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 23 | Missouri | Howard County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 24 | Missouri | Howell County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 25 | Missouri | Iron County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 26 | Missouri | Knox County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 27 | Missouri | Linn County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 28 | Missouri | Miller County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 29 | Missouri | Monroe County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 30 | Missouri | Oregon County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 31 | Missouri | Ozark County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 32 | Missouri | Perry County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 33 | Missouri | Pulaski County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |

| | A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|---|
| 34 | Missouri | Putnam County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 35 | Missouri | Ralls County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 36 | Missouri | Randolph County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 37 | Missouri | Reynolds County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 38 | Missouri | Ripley County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 39 | Missouri | Schuyler County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 40 | Missouri | Scotland County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 41 | Missouri | Scott County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 42 | Missouri | Shannon County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 43 | Missouri | Shelby County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 44 | Missouri | St. Francois County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 45 | Missouri | Ste. Genevieve County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 46 | Missouri | Stoddard County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 47 | Missouri | Stone County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 48 | Missouri | Taney County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 49 | Missouri | Texas County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 50 | Missouri | Wayne County | Unisyn | OpenElect | 1.3 | **Wyle / NTS** | No Certification | | | |
| 51 | Missouri | Laclede County | ES&S | EVS | 5.2.2.0 | **Wyle / NTS** | No Certification | | | |
| 52 | Missouri | Vernon County | ES&S | EVS | 5.2.2.0 | **Wyle / NTS** | No Certification | | | |

Gmail Tracy Welborn <tracywelborns8d5@gmail.com>

**RE: Automated Voting Equipment**
1 message

**Jung, Frank** <Frank.Jung@sos.mo.gov> Thu, Jun 3, 2021 at 10:53 AM
To: Tracy Welborn <tracywelborns8d5@gmail.com>

Tracy,

Here is a ShareFile link to some of the documents you have requested. Some of the testing certificates are on CD's and we are going through those CD's to obtain the testing certificates for you. It may take up to 10 working days to go through all the CD's to obtain the testing certificates. Once we download them from the CD's we will forward them on to you.

https://mosecretaryofstate.sharefile.com/d-s9bc74acd3d6641d1bef4312c4afc642e

Sincerely,

Frank Jung

General Counsel

Missouri Secretary of State

---

**From:** Tracy Welborn <tracywelborns8d5@gmail.com>
**Sent:** Friday, May 28, 2021 9:46 PM
**To:** Jung, Frank <Frank.Jung@sos.mo.gov>
**Cc:** SOSMain <sosmain@sos.mo.gov>
**Subject:** Automated Voting Equipment

**CAUTION:** This email originated from OUTSIDE of the SOS organization. Do not click on links or open attachments unless you are expecting the email and know that the content is safe. If you believe this to be a malicious or phishing email, please use Phish Alert to report it.

May 29, 2021

Frank Jung

General Counsel

Missouri Secretary of State

REF: Automated Voting Equipment

Mr. Jung,

Thank you for your quick response. You state, "we do not possess the ***results*** from the U.S. Election Assistance Commission (EAC). We are only provided the certification that the machines were tested by the EAC".

According to 115.225 (1) Before use by election authorities in this state, the secretary of state shall approve the marking devices and the automatic tabulating equipment used in electronic voting system and may promulgate rules and regulations to implement the intent of sections 115.225 to 115.235 and, per the VSTL Program Manual v2.0, effective May 31, 2015, Sec. 3.6.1 Certification of Accreditation. A Certificate of Accreditation shall be issued to each laboratory accredited by vote of the Commissioners. The certificate shall be signed by the Chair of the Commission and state.

By your own admission you clearly state the SOS was "provided the certification that the machines were tested by the EAC".

So again, I request the certificates, mentioned by you, which the SOS based their approval for ALL Qualified Voting Systems used in Missouri elections for 2018, 2019 and 2020.

*Plaintiff Pro se*

## CERTIFICATION OF SERVICE

Thereby certify that on March 3, 2023, the foregoing was filed with the Clerk of Court's CM/ECF system and to be served by operation of the Courts electronic filing system upon all attorneys of record and U.S. Mail to the following:

Jason K. Lewis,
Chief Counsel Governmental Affairs
P.O. Box 861
St. Louis, MO 63188

Antonia Konkoly,
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005

/s/
Alison Graeff
*Pro Se Litigant*

**Verification**

I hereby declare, certify, and state, pursuant to the penalties of perjury under the laws of the United States of America, and by the provisions of 28 USC § 1746 that all the above and foregoing representations are true and correct to the best of my knowledge, information, and belief.

Executed in St. Charles County, Missouri on this 3rd day of March in the yearof Our Lord Two Thousand and Twenty-Three.

Alison Graeff

**Autograph of Affiant:**

**Notary as JURAT CERTIFICATE:**

Missouri State
Lincoln County

On this 3rd day of March, 2023, before me, Alison Graeff / Tracie Arnold, a Notary Public, personally appeared Alison Graeff Name of Affiant, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that they executed the same in their authorizedcapacity, and that by their autograph(s) on the instrument the person executed, the instrument.

I certify under PENALTY OF PERJURY under the lawful laws of the State of Missouri and that the foregoing paragraph is true and correct.

WITNESS my hand and official

seal

Signature of Notary / Jurat

Tracie Arnold

**SEAL**

TRACIE ARNOLD
Notary Public - Notary Seal
STATE OF MISSOURI
Lincoln County
My Commission Expires: July 6, 2026
Commission # 22841603